UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KIARA ESPERANZA, on behalf of herself, individually,
and on behalf of all others similarly-situated,   **COMPLAINT**

                Plaintiff,   **Docket No.:**

    -against-   Jury Trial Demanded

DYCKMAN BAR, CORP. and JOSE F. GALEAS,
individually,

               Defendants.
------------------------------------------------------------------------X

      Plaintiff, KIARA ESPERANZA ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against DYCKMAN BAR, CORP. ("Dyckman") and JOSE F. GALEAS, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.    This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); NYCCRR tit. 12, § 146-1.2; (iv) the NYLL's and NYCCRR's requirement that hospitality employees receive one hour's pay at the minimum wage rate for any day in which their spread of hours exceeds ten, NYLL § 652(1); NYCCRR tit. 12, § 146-1.6; (v) the NYLL's

1

requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vii) the FLSA's anti-retaliation provision, 29 U.S.C. § 215(3); (viii) one of the anti-retaliation provisions of the NYLL, NYLL § 215(1); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Manhattan bar and restaurant, as well as its owner who was and is also Plaintiff's direct supervisor - - as a bartender and waitress from March 2015 through the present. As described below, throughout the entirety of her employment, Defendants have willfully failed, and continue to fail, to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, from the beginning of her employment and continuing until they unlawfully reduced her hours as described below, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate for any hours that she works per week in excess of forty. Moreover, Defendants have failed and continue to fail to pay Plaintiff an hourly wage at least equal to the applicable minimum wage rate that the NYLL requires for each hour that Plaintiff worked.

3. Defendants also failed and fail to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when her spread of hours exceeded or exceeds ten during a given day, as the NYLL and NYCCRR require.

4. Additionally, Defendants failed and fail to provide Plaintiff with proper wage statements on each payday, or with an accurate wage notice at the time of hire, as the NYLL requires.

5. Defendants paid and treated all of their bartenders and waitresses, and those working in similar roles, in this same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings her wage-related claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7. Furthermore, on an individual basis only, Plaintiff brings claims against Defendants for violating the anti-retaliation provisions of the FLSA and NYLL, as after Plaintiff complained to Defendants that, *inter alia*, they were not paying her overtime for all of her hours worked per week in excess of forty, Defendants retaliated by cutting her hours and not permitting her to cover coworkers' shifts, thereby significantly reducing her pay.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and both Defendants reside within the same state, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

10. At all relevant times herein, Plaintiff worked and works for Defendants in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

11. At all relevant times herein, Defendant Dyckman was and is a New York corporation with its principal place of business located at 221 Dyckman Street, New York, New York 10034.

12. At all relevant times herein, Defendant Galeas was and is the owner of Dyckman. In that capacity, Defendant Galeas personally manages and oversees the day-to-day operations of Dyckman, and was and is ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. Furthermore, Defendant Galeas had the power to hire and fire, and approve all personnel decisions with respect to Dyckman's employees, and Defendant Galeas did in fact hire Plaintiff, and cut Plaintiff's hours as described below. Defendant Galeas also directly supervised all of Defendants' employees, including Plaintiff.

13. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Dyckman's qualifying annual business exceeded and exceeds $500,000, and Defendant Dyckman was and is engaged in interstate commerce within the meaning of the FLSA, as it operates a business that purchases and sells numerous products that have moved in interstate commerce, accepts payments in cash that naturally moves across state lines, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant Dyckman to the FLSA's overtime requirements as an enterprise.

## **COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as bartenders or waitresses, or in a similar role, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty.

16. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

18. Defendant Galeas owns and operates Dyckman, a bar and restaurant located at 221 Dyckman Street, New York, New York.

19. At all times relevant herein, Defendants have employed and continue to employee at least eleven employees.

20. In March 2015, Defendant Galeas, on behalf of Dyckman, hired Plaintiff to work for Defendants as a bartender and waitress.

21. Defendants, prior to or at Plaintiff's hire, failed to provide Plaintiff with a written notice of her pay rate, their intent to claim a tip credit against the minimum wage, or her regular payday.

22. Defendant Galeas personally hired Plaintiff and supervised Plaintiff's day-to-day duties at the bar and restaurant.

23. As a bartender and waitress, as its name suggests, Plaintiff's main duties consisted of preparing drinks and food orders, polishing glasses, serving customers, and providing bottle service.

24. From the beginning of her employment until January 31, 2017, Defendants required Plaintiff to work five days per week, scheduled as follows:

> Friday through Sunday: 4:30 p.m. until 5:00 a.m.; and
>
> Wednesday through Thursday: 5:00 p.m. until 1:00 a.m.

On each day that Plaintiff worked, Defendants rarely, if ever, provided her with an uninterrupted break during her shift. Thus, by approximation, from the start of her employment until January 31, 2017, Defendants required Plaintiff to work, and Plaintiff did routinely work, fifty-three and one-half hours per week.

25. During the month of February 2017, Dyckman required Plaintiff to work, and Plaintiff did work, at The Kilt (also known as The Bronx Public) in addition to her regularly scheduled hours at Dyckman. In February 2017, Defendants required Plaintiff to work up to seven days per week at both The Kilt and Dyckman Bar.

26. From the beginning of Plaintiff's employment up until the date of filing of this Complaint, Defendants paid and continue to pay Plaintiff an hourly rate of $7.50 for all hours worked. Throughout this employment, Defendants have failed to pay Plaintiff an overtime premium of one and one-half times her regular hourly rate for any hours that she worked in a week in excess of forty.

27. By way of example only, during the week of February 26 through March 4, 2017, Defendants required Plaintiff to work, and Plaintiff did work, seven days as follows: Sunday from 4:30 p.m. until 5:00 a.m.; Monday through Thursday from 5:00 p.m. until 1:00 a.m.; and Friday through Saturday from 4:30 p.m. until 5:00 a.m., without any scheduled or uninterrupted breaks. During that week, Defendants paid Plaintiff at the rate of $7.50 per hour for all hours worked, including those that she worked in excess of forty.

28. Additionally, throughout her employment, on every workday that Plaintiff worked for Defendants on Friday through Sunday, her spread of hours from the beginning of each shift to the end exceeded ten. However, on those days, Defendants failed to compensate Plaintiff with an additional hour's pay at the New York State minimum wage rate.

29. Defendants paid Plaintiff on a weekly basis by check.

30. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or an accurate listing of her hours worked to be paid at the overtime or straight-time rate of pay.

31. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer or an intent to claim a tip credit.

32. Defendants treated Plaintiff and all FLSA Plaintiffs in the same manner described herein.

33. Defendants acted in the manner described herein so as to maximize their profits and minimize their labor costs and overhead.

34. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

35. Making matters much worse, in a letter dated July 11, 2017, Plaintiff complained to Defendants, in writing, about Defendants' failure to pay her for all overtime hours worked, as well as Defendants' failure to pay Plaintiff at the minimum wage or provide Plaintiff with spread of hours premiums, proper wage statements on each payday, or a proper wage notice at the time of hire, all as the NYLL requires. Immediately upon receiving this letter, Defendants retaliated against Plaintiff by cutting her schedule from five days per week to one day per week, effectively cutting her hours from fifty-three and one-half hours to eight hours per week. As a result, Defendants reduced Plaintiff's pay from approximately $300.00 per week to approximately $60.00 per week, and Plaintiff lost approximately $240.00 in her weekly income.

36. Furthermore, on August 28, 2017, for the first time during her entire employment duration, Defendants refused to permit Plaintiff to cover a co-worker's shift, providing Plaintiff an email that stated "Jose Galeas has rejected your kind offer to cover Paola's Saturday September 2 5:00 p.m. - 2:00 a.m. DB SERVICE BAR shift at Dyckman Bar." As a result, Plaintiff was not permitted to cover this shift and lost out on a day's pay.

37. Defendants did not allow Plaintiff to cover coworkers' shifts on approximately five subsequent occasions, to wit on August 19, 2017; August 31, 2017; September 2, 2017; September 3, 2017; and September 9. 2017.

38. Moreover, on August 22, 2017, Defendant Galeas called Plaintiff's employer from another establishment, Jeffrey Pichardo, and said he should hire Plaintiff full-time as an additional act of retaliation.

39. Defendants never refused Plaintiff permission to cover coworkers' shifts prior to receiving Plaintiff's complaint about Defendants' unlawful payroll practices.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

40. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than not less than the greater between one and one-half times their regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek .

42. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

44. Defendants willfully violated the FLSA.

45. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

46. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

47. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than the greater between one and one-half times their regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

50. As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

51. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, one and one-half times the minimum wage rate, if greater.

52. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Minimum Wages under the NYLL and the NYCCRR*

53. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. N.Y. Lab. Law § 652 and 12 NYCCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

55. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

56. As also described above, Defendants did not compensate Plaintiff, or any FLSA Plaintiff that opts in to this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

57. At the least, Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

58. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

59. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 652 and 12 NYCCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

61. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

62. As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's spread-of-hours provisions.

63. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

64. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's spread-of-hours provisions.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

65. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

68. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

69. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

70. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

72. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

73. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

74. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of the FLSA, 29 U.S.C. § 215(3)*

75. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. 29 U.S.C. § 215(a)(3) provides that it is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under . . . this chapter, or has testified or is about to testify in any such proceeding."

77. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

78. As also described above, after Plaintiff lodged a good faith complaint with Defendants about their violations of the overtime provisions of the FLSA, Defendants retaliated by taking the adverse actions against Plaintiff as detailed herein.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

80. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

81. Additionally, Plaintiff is entitled to attorneys' fees, liquidated damages, and punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provision.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL § 215(1)*

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83. NYLL § 215(1)(a) provides that "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

84. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR

85. As also described above, after Plaintiff lodged a good faith complaint with Defendants about their violations of various provisions of the NYLL and NYCCRR, Defendants retaliated by taking the adverse actions against Plaintiff as detailed herein.

86. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

87. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

88. Additionally, Plaintiff is entitled to attorneys' fees, liquidated damages, interest, and punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provision.

89. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and her counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law;

  j. Compensatory damages for harm to Plaintiff's professional and personal reputation and loss of career fulfillment in connection with her retaliation claims, including but not limited to emotional distress damages, as well as any monetary damages suffered due to Defendants' retaliatory conduct;

  k. Punitive damages, as provided by law, due to Defendants' retaliatory conduct; and

l.  Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
November 10, 2017

                              Respectfully submitted,
                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              655 Third Avenue, Suite 1821
                              New York, New York 10017
                              Tel. (212) 679-5000
                              Fax. (212) 679-5005

By: _____
JEFFREY R. MAGUIRE (JM 1982)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)