**SETTLEMENT AND GENERAL RELEASE AGREEMENT**

This Settlement and General Release Agreement (the "Agreement"), dated November __ 2018, is entered into between Kiara Esperanza (the "Plaintiff") and Dyckman Bar, Corp., Mary K. Mac, Inc., (together as the "Restaurant"), and Jose F. Galeas (collectively as the "Defendants").

WHEREAS on November 10, 2017, the Plaintiff filed a Complaint against Defendant Dyckman Bar, Corp. and Galeas in the matter captioned *Kiara Esperanza v. Dyckman Bar, Corp., and Jose F. Galeas*, Case No. 17-cv-8766 (AJN), and filed a Second Amended Complaint on March 15, 2018, adding Defendant Mary K. Mac, Inc. as a Defendant, which is pending in the United States District Court for the Southern District of New York (the "Litigation"); and

WHEREAS the parties hereto have agreed to settle finally and fully all wage-related claims that were or could have been asserted in the Litigation or otherwise upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1.      <u>Release by Plaintiff</u>. In consideration of the payments and benefits set forth in Section 4 below, Plaintiff, for herself and for her heirs, executors, administrators and assigns or any other person or entity who could claim through her, does hereby unconditionally and irrevocably release, waive, discharge, and give up any and all wage-related claims against Defendants, their parent, related and affiliate companies, subsidiaries, divisions, business units, and all of their past, present and future committees, groups, officers, directors, shareholders, owners, employees, successors, assigns, trustees, administrators, attorneys, heirs, agents and executors (collectively referred to as "Releasees") and releases and forever discharges the Releasees and their heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, owners, employees, legal representatives, and agents of each of them from any and all actions, causes of action, suits, liabilities, charges, claims, complaints and allegations whatsoever, known or unknown, suspected or unsuspected, against the Releasees that the Plaintiff, or any of the Plaintiff's heirs, executors, administrators, agents, successors, and/or assigns may now have or hereinafter can, shall, or may have, for unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses, or any other wage-related compensation from the beginning of the world to the Effective Date (as defined below) including those claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the New York Labor Law, any New York wage-hour and wage-payment laws, and/or any other federal, state, or local wage-hour, wage-payment, or labor laws.  Plaintiff shall not be deemed to be in breach of any provision of this Agreement by: (i) filing, providing information to or participating in, or testifying as part of any investigation, hearing, or proceeding conducted by a governmental agency, provided that Plaintiff shall not, however, be entitled to any relief, recovery, or monies in connection with any such filing, complaint, charge or proceeding brought against any of the Releasees, regardless of who filed or initiated any such complaint, charge, or proceeding; (ii) filing or recovering under a Workers' Compensation claim; or (iii) enforcing the terms of this Agreement against the Defendants.

1

2.     Release by Defendants. Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, agents, directors, shareholders, employees, successors, heirs, assigns, trustees, administrators, and executors (collectively referred to as the "Releasors") hereby covenant not to sue and fully release, acquit, and discharge the Plaintiff and her heirs, executors, administrators, assigns, and successors with respect to and from any and all claims, agreements, contracts, actions, suits, causes of action, attorneys' fees, damages, and liabilities, of whatever kind or nature, in law, equity, or otherwise, whether known or unknown, suspected or unsuspected which the Releasors have from the beginning of time to the date this Agreement is executed including, without limitation, those arising out of or in any way connected with Plaintiff's employment relationship with Defendants or her separation of employment from Defendants.  Excluded specifically and exclusively from this release is Defendants' right to enforce any of the provisions of this Agreement.

3.     Representations; Covenant Not to Sue.

(A)     Plaintiff hereby represents and warrants to Defendants that she has not: (i) with the exception of the Litigation, filed or caused or permitted to be filed, any pending charge, complaint, lawsuit or claim (collectively "Claim") with any administrative agency or federal, state, or local court related in any way to her employment or her separation from employment with Defendants, nor has she agreed to do any of the foregoing: (ii) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or Claim against the Defendants that has been released in this Agreement; or (iii) directly or indirectly assist any third party in filing, causing, or assisting to be filed any Claim against Defendants.

(B)     Defendants hereby represent and warrant to the Plaintiff that they have not caused or permitted to be filed any pending proceeding against Plaintiff, nor have Defendants agreed to do any of the following: (i) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or Claim against Plaintiff; or (ii) directly or indirectly assist any third party in filing, causing, or assisting to be filed any Claim against either Plaintiff.

4.     Payments and Benefits.

(A)     As good consideration for Plaintiff's execution and delivery of this Agreement, Defendants agree to provide Plaintiff with a payment in the aggregate amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00), payable in eight separate monthly installments as described below, which shall be delivered to Michael J. Borrelli, Esq., Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Suite 200, Garden City, New York 11530, within eight months of the Court's approval of the settlement issued in twelve (24) separate checks as follows:

(i)     Within thirty (30) calendar days after Court approval of this settlement, Defendants shall issue three (3) separate checks as follows:

a.     Two checks shall be made payable to "Kiara Esperanza"; one in the amount of $3,704.97 as alleged back wages, less any legally required taxes and withholdings, to be reported on a W-2 form, and

2

one in the amount of $3,704.98 as alleged liquidated damages, to be reported on an IRS 1099 form;

b.  One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the amount of $3,840.05 representing attorneys' fees and costs, for which an IRS 1099 form will issued to Plaintiff and Plaintiff's counsel.

(ii)  Within ninety (90) calendar days after Court approval of this settlement, Defendants shall issue three (3) separate checks as follows:

a.  Two checks shall be made payable to "Kiara Esperanza"; one in the amount of $823.33 as alleged back wages, less any legally required taxes and withholdings, to be reported on a W-2 form, and one in the amount of $823.33 as alleged liquidated damages, to be reported on an IRS 1099 form;

b.  One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the amount of $853.34 representing attorneys' fees and costs, for which an IRS 1099 form will issued to Plaintiff and Plaintiff's counsel.

(iii)  Within one hundred twenty (120) calendar days after Court approval of this settlement, and for five (5) consecutive months following this third payment and within thirty (30) days of each prior payment to conclude no later than eight (8) months from Court approval, Defendants shall issue three (3) separate checks as follows:

a.  Two checks shall be made payable to "Kiara Esperanza"; one in the amount of $1,715.26 as alleged back wages, less any legally required taxes and withholdings, to be reported on a W-2 form, and one in the amount of $1,715.27 as alleged liquidated damages, to be reported on an IRS 1099 form;

b.  One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the amount of $1,777.80 representing attorneys' fees and costs, for which an IRS 1099 form will issued to Plaintiff and Plaintiff's counsel.

(B)  In the event that Defendants fail to make the settlement payments in a timely manner pursuant to the above schedule set forth in this Agreement, counsel for Plaintiff shall provide notice of the default by email to Defendants at armando@furgang.com.  Defendants will then have five (5) days from the date of receipt of such notice within which to cure the default by delivering to Plaintiff's attorneys at the address listed above, via overnight delivery any amounts due and owing, to Plaintiff's attorneys.  If Defendants timely cure their breach, no other dates in the above schedule shall become altered or in any way affected.  If Defendants fail to timely cure

their breach, two hundred percent (200%) of the entire unpaid balance of the payments ($45,000.00 less any payments made under this Agreement) will then become due and owing, and Plaintiff may apply to the Court, which will retain jurisdiction over the Action to enforce the terms of this Agreement, to enter judgment for that amount, plus reasonable attorneys' fees and costs associated with seeking judgment for Defendants' breach including costs and fees for any motion for costs and fees.

(B)     Plaintiff shall provide Defendants with a Form W-9, including a Form W-9 for Borrelli & Associates, P.L.L.C., and Defendants shall issue a Form 1099 to Plaintiff for the liquidated damages payments made to the Plaintiff, and shall issue a Form 1099 to the Plaintiff and Borrelli & Associates, P.L.L.C. for the payments made to Borrelli & Associates, P.L.L.C.

(C)     Plaintiff acknowledges and agrees that the payments and benefits in this Section 4 are in full and final settlement and satisfaction of the wage-related claims asserted, or that could have been asserted, in the Litigation, including  attorneys' fees and costs, and of Defendants' obligations under any compensation, deferred compensation, or similar agreements or arrangements, and all amounts otherwise due, if any, on account of the Plaintiff's employment by any of the Defendants.  Plaintiff acknowledges that nothing in this Agreement shall be deemed to be an admission of liability, wrongdoing or any violation of the law whatsoever on the part of Defendants.

(D)     No representation regarding the tax implications of this Agreement or the manner in which this Agreement may be treated by the Internal Revenue Service is made by any of the Defendants, nor should any such representation be implied by any language within this Agreement.  Plaintiff agrees and understands that neither Defendants nor their attorneys have made any representations regarding the tax treatment of the sums to be represented on Form 1099 paid pursuant to this Agreement, and Plaintiff agrees that she is responsible for determining the tax consequences of such payments and for paying taxes, if any, that may be owed by herself with respect to such payments.  In the event a claim for such taxes and/or penalties and interest on any Form 1099 payment is asserted by any taxing authority, however, Plaintiff agrees to, and does hereby, indemnify and hold Defendants harmless against any and all tax liability (including interest and/or penalties) as due thereon from Plaintiff.

5.          Dismissal of the Litigation.

(A)     No later than November 28, 2018, the parties agree that the Plaintiff's counsel will cause to be filed with the Court a Motion to Approve Settlement and/or any other documents needed to obtain settlement approval.

(B)     Should the Court approve the settlement, the Litigation shall be dismissed with prejudice and without costs or attorneys' fees.  Plaintiff shall direct their counsel to sign and return to counsel for Defendants a Stipulation of Dismissal With Prejudice of the Litigation which Plaintiff shall file with the Court in accompaniment with this Agreement.

(C)      Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on September 24, 2018.

6.      <u>Who is Bound</u>.  Defendants and Plaintiff are bound by this Agreement.  Anyone who succeeds to Plaintiff's rights and responsibilities, such as a Plaintiff's heirs and the executors and administrators of Plaintiff's estate, is bound by this Agreement, and anyone who succeeds to the Defendants' rights and responsibilities, such as their successors and assigns, is similarly bound.

7.      <u>Non-disparagement</u>.

(A)      Plaintiff agrees that at all times following the Effective Date defined at Section 18(B) below she shall not publish or communicate in verbal, written, or form to any person any Disparaging remarks, comments, or statements concerning Defendants or any of the Releasees and shall not request, instruct, or direct that others do so.  Plaintiff shall not be deemed to be in breach of this provision, however, by providing truthful testimony to any judicial body including the Equal Employment Opportunity Commission, or any governmental agency.  For purposes of this Agreement the term "Disparaging" shall mean remarks, comments, statements, or communications (written or oral) that are not true and: (i) that reflect adversely on the affairs or practices of the Person or entity being remarked or commented upon; or (ii) that impugn the character, honesty, integrity, morality, acumen, or abilities of the Person or entity being remarked or commented upon.

(B)      Defendants agree that at all times following the Effective Date defined at Section 18(B) below, Seth Kaplan and Jose Galeas shall not publish or communicate to any person any Disparaging remarks, comments, or statements concerning Plaintiff and shall not instruct or direct others to do so.

8.      <u>Severability</u>.  If any term, provision, covenant, or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county, or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void, or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants, and restrictions in this Agreement shall remain in full force and effect.

9.      <u>Governing Law</u>.  This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts-of-law principles.  The Parties consent to the Court retaining jurisdiction of this matter until the settlement proceeds are paid in full.

11.      <u>Headings</u>.  The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

12.      <u>Counterparts</u>.  This Agreement may be executed and delivered with facsimile or scanned and emailed signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.   <u>No Other Assurances</u>.   Plaintiff acknowledges that in deciding to sign this Agreement that Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to her by any Person except for what is expressly stated in this Agreement.  This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendants, and this Agreement supersedes, replaces, and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described herein.

14.   <u>No Retaliation</u>.   Defendants agree not to engage in any activities against Plaintiff that are in retaliation for her participation in the lawsuit to the extent required by the FLSA and/or NYLL.

15.   <u>Entire Agreement; Modification</u>.   This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements or understandings (whether written or oral) of the parties relating to Plaintiff's employment or the cessation thereof.

16.   <u>Opportunity For Review</u>.   Plaintiff represents and warrants that she: (i) has read this Agreement; (ii) understands all the terms and conditions thereof; (iii) is not incompetent or had a guardian, conservator, or trustee appointed for herself; (iv) has entered into this Agreement of her own free will and volition; (v) has duly executed and delivered this Agreement; (vi) understands that she is responsible for her own attorneys' fees and costs; (vii) has had the opportunity to review this Agreement with counsel; (viii) has been given a reasonable period of time to review this Agreement before signing it; and (ix) understands that this Agreement is valid, binding, and enforceable against the parties hereto in accordance with its terms.

17.   <u>Shifting Counsel Fees</u>. In any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including any reasonable fees incurred in making such application for attorneys' fees.

18.   <u>Effective Date</u>. The "Effective Date" is the date upon which the Court issues its order or opinion approving this settlement.

19.   <u>Neutral Reference</u>.   If Plaintiff seeks employment and/or if a potential employer of Plaintiff seeks a reference from any Defendant, Defendants' response will be limited to Plaintiff's dates of employment and job title and informing the inquiring party that it is the policy of the Restaurant to provide neutral references only.

20.   <u>Signatories' Representations</u>. The persons affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

21.   <u>Non-admission</u>.

(A)   Plaintiff understands that Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.  Plaintiff understands that by entering into this Agreement that Defendants do not acknowledge or admit in any way that the Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any

transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage.  Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this _____ day of November, 2018

_____
Kiara Esperanza

Agreed to and accepted on this _____ day of November, 2018

_____
Jose Galeas

Agreed to and accepted on this _____ day of November, 2018

Mary K. Mac, Inc.

By:_____
Name:
Title:

Agreed to and accepted on this _____ day of November, 2018

Dyckman Bar, Corp.

By:_____
Name:
Title:

wrongdoing against Plaintiff or violated any federal, state, or local law, statute, order, ordinance, rule, regulation, or contract, or common law requirement, duty, or obligation.

(B)     Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage.  Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this ____ day of October, 2018

_____
Kiara Esperanza

Agreed to and accepted on this ____ day of November, 2018

_____
Jose Goleas

Agreed to and accepted on this ____ day of November, 2018

Mary K. Mac, Inc.

By:_____
Name: Joseph Irizarry
Title:  Officer

Agreed to and accepted on this ____ day of Novemberr, 2018

Dyckman Bar, Corp.

By:_____
Name: Joseph Irizarry
Title:  Officer

7